IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.:  4:11-cv-0555 |
| FEDERAL NATIONAL MORTGAGE CORPORATION | ) ) ) ) | Jury Waived |
| Defendant. | ) | |

**DEFENDANT FEDERAL NATIONAL MORTGAGE
ASSOCIATION'S MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Affordable Communities of Missouri ("Affordable") has filed a Motion for Leave to File First Amended Complaint ("Motion"), ignoring this Court's previous dismissal of Counts I and III of Plaintiff's Complaint with prejudice and the Eighth Circuit's affirmance of that dismissal with prejudice.  Affordable blithely seeks to amend Counts I and III so that the Motion to Dismiss of Federal National Mortgage Association ("Fannie Mae"), this Court's Memorandum and Order of Dismissal and the Eighth Circuit's decision were nothing but a waste of these Courts' time.  But a second bite of the apple by Affordable on Counts I and III is not appropriate as a matter of law.  In support of this attempted amendment, Affordable relies only on Federal Rule of Civil Procedure 15(a).  That Rule does not support a motion to amend, when brought following dismissal with prejudice and an affirming appellate decision.  The relevant case law also precludes any amendment by Affordable of Counts I and III under these circumstances.

The Court must reject Affordable's inappropriate attempt to amend Counts I and III, whether the amendment is viewed as a matter of right pursuant to Rule 15(a)(1) or seeking leave

1

of Court under Rule 15(a)(2). Three reasons mandate that the Court deny Affordable's Motion to seek to amend Counts I and III. First, this Court's dismissal of Counts I and III was with prejudice and the Court of Appeals affirmed that dismissal with prejudice. No amendments of those Counts are possible given the procedural stance of the case because the causes of action in those Counts have been rejected as a matter of law in a final judgment. Second, Rule 15(a)(1) does not provide Affordable with a right to amend as a matter of course or by leave of court under Rule 15(a)(2) because amendment is sought post dismissal and post appellate affirmance. The plain language of Rule 15 precludes amendment of right in this circumstance, and Affordable cannot show that justice requires the amendment by leave of court. Third, once Affordable chose to appeal this Court's dismissal with prejudice of Counts I and III, any possible right to amend those Counts, by leave of Court or otherwise, was waived by Affordable.

1. **Counts I and III have been dismissed and finally resolved with prejudice as a matter of law.**

In Affordable's factual presentation in its Motion, Affordable neglects to provide the most important specifics regarding the status of Counts I and III from a procedural and substantive standpoint. This Court, on August 22, 2011, dismissed Counts I and III with prejudice pursuant to the reasoning of its Memorandum and Order and its Order of Partial Dismissal, which stated in relevant part: "IT IS HEREBY ORDERED that Plaintiff Affordable Communities of Missouri's claims against Defendant Federal National Mortgage Association are dismissed with prejudice."[1]

This Court did not provide Affordable an opportunity to amend Counts I and III, when it concluded, as a matter of law, the dismissal with prejudice was appropriate. In response, Affordable made no attempts to seek leave to amend either of Counts I and/or III while the case

---

[1] See Order of Partial Dismissal and Memorandum and Order marked **Exhibits 1** and **2** attached hereto.

was still before the District Court for nearly one year until the judgment became final following the Stipulation of Dismissal of co-Defendant EFA pursuant to the Settlement Agreement with Affordable.  Instead, Affordable chose to file its Notice of Appeal of the Dismissal with Prejudice to the U.S. Court of Appeals for the Eighth Circuit.  Following complete briefing and oral argument, the Eighth Circuit issued its Opinion[2] expressly affirming the District Court's dismissal of Affordable's claims for negligent misrepresentation (Count I) and breach of covenant of good faith and fair dealing (Count III), recognizing that the dismissal by the District Court was with prejudice.

The Eighth Circuit entered Judgment[3], affirming in part the dismissal with prejudice of Counts I and III and remanding to the District Court for proceedings consistent with the opinion of that Court, involving only the issues surrounding Count II for breach of contract.  The Eighth Circuit did not "opine on whether an amendment to the complaint to cure the alleged pleading deficiencies would be appropriate," as argued by Affordable (Motion, p. 4), because the Court of Appeals had affirmed the dismissal with prejudice of Counts I and III.  The reasoning in the Opinion made obvious that no amendment to the Complaint on those two Counts would be appropriate.

Affordable's blatant disregard for this Court's dismissal with prejudice of Counts I and III and the Eighth Circuit's affirmance of this Court's dismissal with prejudice does not create any legal basis for amending Counts I and III.  Neither Rule 15 nor any other legal precedent provides any grounds to undo the Eighth Circuit's decision that Counts I and III were properly dismissed.

---

[2]  See the Opinion of the US Court of Appeals for the Eighth Circuit filed May 9, 2013, attached as **Exhibit 3**.

[3]  See the Judgment dated May 9, 2013, attached as **Exhibit 4**.

DB04/0772514.0011/8923606.2  PF06

Based on these procedural and substantive facts before it and the law of the case, this Court should deny the Motion.  Even if the Court looks beneath the obvious dismissal with prejudice of Counts I and III to determine whether Affordable has any basis in the law to obtain an amendment like the First Amended Complaint, no amendment can be allowed.

2. **Rule 15(a) provides no basis for this Court to allow an amendment as a matter of right, or as freely given when justice requires, given the dismissal with prejudice of the Counts and the appellate affirmance of that judgment.**

Rule 15(a)(1) provides for amendments as a matter of course, without leave or consent.  Despite Affordable's contention that this right to amend continues to exist because no answer had yet been filed by Fannie Mae (Motion, p. 4), this argument, politely put, is disingenuous as it is unsupported by any reading of the Rule.

Rule 15(a)(1) provides that a complaint may be amended before trial without permission of the court or consent of the other parties if it is filed within twenty-one (21) days after serving a pleading, or within twenty-one (21) days after service of a responsive pleading <u>or after the service of a motion under Rule 12(b)</u>, whichever is earlier.  In this case, Fannie Mae served its 12(b)(6) Motion on May 2, 2011.  Affordable now seeks to amend its Complaint more than two years—approximately 777 days—after the service of a Rule 12(b)(6) motion.  Twenty-one (21) days have long since passed since the service of a 12(b) motion and Affordable may not amend its Complaint as a matter of right on the face of Rule 15(a)(1).

Rule 15(a)(2) governs "[i]n all other cases…" and provides the court should "freely give leave **when justice so requires**." [Emphasis added].  Justice would be ill served if following dismissal with prejudice and affirmance, Affordable gets another chance to pursue two claims against Fannie Mae, already finally dismissed.

DB04/0772514.0011/8923606.2  PF06

The Eighth Circuit Court of Appeals in *Hawks v. JP Morgan Chase Bank, et al.,* 591 F.3d 1043, 1050 (8th Cir. 2010) considered a request for leave to amend the complaint after a dismissal, and rejected the request:

> We have recognized that "[a]lthough a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella,* 767 F.2d 442, 443 (8th Cir. 1985). "After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates." *Id.* "Although a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." *Id.*

Absolutely no argument can be presented showing justice requires the amendment of Counts I and III when, in affirming this Court's prior decision, the Eighth Circuit has rejected Plaintiff's claims under Counts I and III as a matter of law.

 3. **When Affordable elected to appeal rather than seek leave to amend this Court's dismissal with prejudice, Affordable waived any right to seek leave to amend the Complaint thereafter.**

Appeal of a dismissal is treated as a waiver of a possible right to seek leave to amend under Rule 15 if, instead, the pleading party files an appeal. See *1-III Moores' Federal Rules Pamphlet, Section 15.3(e)*, "Appeal Is Waiver Of Opportunity To Amend." If the complaint is dismissed for failure to state a claim, and the plaintiff chooses to appeal that dismissal rather than seek leave to amend, the plaintiff is bound to that election and may not seek leave to re-plead if the dismissal is affirmed. See *Mills v. Maine,* 118 F.3d 37, 52-55 (1st Cir. 1997).

The U.S. Court of Appeals for the Seventh Circuit in *Boland v. Engle,* 113 F.3d 706, 714-715 (7th Cir. 1997) considered an issue relevant to a request for leave to amend following an appeal. The *Boland* Court concluded that if the plaintiff's suit was dismissed on a Rule 12(b)(6) motion, he would not be entitled to re-plead after this court affirmed the dismissal. *Id.* (citing 3 James Wm. Moore, Moore's Federal Practice P, 15.11 (2d ed. 1996) ('Where, although given an

5

opportunity to amend, the pleader has stood upon his pleading and appealed from a judgment of dismissal, amendment will not normally be permitted…in the trial court if the order of dismissal is affirmed, unless the mandate of the appellate court expressly permits such amendment.'"))

Here, the Eighth Circuit in its appellate Opinion, Judgment and Mandate did not expressly permit any amendment to dismissed Counts I and III and thereby affirmed this Court's dismissal of these Counts of Plaintiff's Complaint with prejudice.  *See* Ex. 3, p. 12.

Federal Rule of Civil Procedure 1 also provides that the Federal Rules should be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Relying on this principle, the decision in *Beverly Hills Bancorp v. Hine,* 752 F.2d 1334, 1338 (9th Cir. 1984) provides guidance with regard to Affordable's impermissible request for leave to amend following dismissal and appeal:

> The general rule that leave to amend under Rule 15 should be freely granted, see *Foman v. Davis,* 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962), will not be extended without limit when a Rule 15 motion is brought after a claim has been fully litigated on the merits through appeal.  At some point, there must be finality.  Permitting amendment in this case would not enhance finality, but instead would encourage seriatim judgments in the same basic dispute, as a plaintiff continues to put forth new theories of recovery.  See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 332-33, 28 L.Ed. 2d 77, 91 S.Ct. 795 (1971).

This principle controls Affordable's request here.  Affordable's claims in Counts I and III have been dismissed with prejudice by this Court, and this dismissal was affirmed by the Eighth Circuit.  Affordable's request for leave to amend its dismissed claims should be denied.

## **CONCLUSION**

Affordable has improperly read and attempted to misconstrue Rule 15, has cited an improper legal standard, and has presented an argument that is wholly inconsistent with the purpose behind the finality of an appellate decision and with the principles of judicial economy.

6

This Court must deny the Motion for Leave to File the First Amended Complaint so that the parties can proceed on the only issue that the Eighth Circuit remanded to this Court I under its Opinion and Judgment, *i.e.*, the breach of contract issues under Count II.

          **STINSON MORRISON HECKER LLP**

            /s/   John G. Young, Jr.
          John G. Young, Jr. #25701MO
          Jane E. Dueker, #43156MO
          Ryan A. Kemper, #60729MO
          7700 Forsyth Boulevard, Suite 1100
          St. Louis, Missouri 63105
          (314) 863-0800 Telephone
          (314) 863-9388 Facsimile
          JYoung@stinson.com
          jdueker@stinson.com
          rkemper@stinson.com
          *Attorney for Defendant Fannie Mae*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 24th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available to all electronic filing participants.

            /s/   John G. Young, Jr.
          John G. Young, Jr.