## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:11-CV-555 CAS |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Affordable Communities of Missouri's ("ACM")

Motion for Leave to File First Amended Complaint.  Defendant Federal National Mortgage

Association ("FNMA") opposes the motion and it is fully briefed.  For the following reasons, the

motion will be denied.

**Background**

ACM originally filed this action in state court against a mortgage lender and FNMA, which

purchased ACM's loan from the mortgage lender, asserting claims for negligent misrepresentation,

breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment in

connection with the lender's demand that ACM pay a prepayment penalty.  The case was removed

to this Court and FNMA filed a motion to dismiss.  The Court granted the motion to dismiss on

August 22, 2011, and dismissed all of ACM's claims against FNMA with prejudice.  The Court

subsequently granted the lender's motion to dismiss some but not all of the claims against it.  ACM

and the lender later settled and submitted a Stipulation for Dismissal in May 2012.  ACM then

appealed the dismissal of its claims against FNMA in June 2012.

The Eighth Circuit Court of Appeals affirmed in part and reversed in part this Court's dismissal of ACM's claims against FNMA. The Eighth Circuit affirmed the dismissal of ACM's claims for negligent misrepresentation, breach of the covenant of good faith and fair dealing, and unjust enrichment, and reversed the dismissal of ACM's breach of contract claim. Affordable Communities of Mo. v. Federal Nat'l Mortgage Ass'n, 714 F.3d 1069, 1077 (8th Cir. 2013). The Eighth Circuit remanded for further proceedings consistent with its opinion. Id.

The Eighth Circuit affirmed the dismissal of ACM's negligent misrepresentation claim in Count I, finding that ACM failed to plead facts demonstrating that the lender had the power to alter the relationship between FNMA and ACM when the alleged misrepresentation occurred, and that ACM failed to plead facts demonstrating the first element of an agency relationship under Missouri law. Id. at 1075. As a result, the Eighth Circuit did not need to consider this Court's holding that ACM also failed to plead facts demonstrate the second and third elements of an agency relationship under Missouri law. Id.

The Eighth Circuit affirmed dismissal of the breach of implied covenant of good faith and fair dealing claims in Count III, because ACM failed to plead facts showing that FNMA acted in bad faith and plead only conclusory statements. Id. at 1077. Finally, the Eighth Circuit affirmed dismissal of the unjust enrichment claim in Count IV on the basis that ACM's rights were based on contract, and ACM could not recover under both an express contract and the equitable remedy of unjust enrichment. Id.

Following remand, ACM filed the instant motion for leave to file an amended complaint. ACM seeks to amend its dismissed claims of negligent misrepresentation and breach of the implied covenant of good faith and fair dealing, and asserts that its proposed amended complaint "addresses the pleading concerns set forth by this Court and the Eighth Circuit" on those claims. ACM's Mot.

2

for Leave at 4, ¶ 12.  ACM asserts that "through preliminary discovery with [the lender, ACM] came into possession of facts that substantially supports its claims for negligent misrepresentation and breach of the implied covenant of good faith and fair dealing."  ACM's Mem. Supp. Mot. for Leave at 4.  ACM asserts that because FNMA responded to its original complaint with a motion to dismiss, it is entitled to amend its complaint as of right under Rule 15(a)(1) or, alternatively, by leave of Court under Rule 15(a)(2).  ACM contends that the Eighth Circuit did not direct the entry of judgment on Counts I and III and did not opine on whether an amendment to the complaint to cure the alleged pleading deficiencies would be appropriate.

FNMA responds that ACM cannot amend its complaint following a dismissal with prejudice and the affirmance of that dismissal, because the causes of action in those counts have been rejected as a matter of law in a final judgment.  Specifically, FNMA asserts that Counts I and III have been dismissed and finally resolved with prejudice as a matter of law; that Rule 15 does not allow amendment as a matter of right under Rule 15(a)(1) or freely given when justice requires under Rule 15(a)(2) following a dismissal with prejudice and appellate affirmance of that decision; and that once ACM chose to appeal this Court's dismissal with prejudice of Counts I and III, any possible right to amend those counts, by leave of Court or otherwise, was waived by ACM.

**Discussion**

ACM's motion for leave to amend its complaint post appeal is based solely on Rule 15 of the Federal Rules of Civil Procedure, which governs amended and supplemental pleadings.  Under Rule 15, service of either a responsive pleading or a Rule 12 motion, whichever is earlier, starts a twenty-one day period for exercising the right to amend "as a matter of course."  Rule 15(a)(1)(B), Fed. R. Civ. P.  Because a motion to dismiss under Rule 12(b)(6) was filed in this case on May 2, 2011, and ACM did not file an amended complaint within twenty-one days of that filing, its right

3

to amend as a matter of course expired more than two years ago.  Rule 15(a)(2) provides that in all other cases, leave of Court or the opposing party's written consent is required for amendments, and that leave should be freely given "when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.  ACM moves, in the alternative, for leave under Rule 15(a)(2).

The law in this circuit is that "after a court dismisses a complaint, a party's right to amend under Rule 15 terminates."  Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013) (cited case omitted).  A party may still file a motion for leave to amend its complaint, however, even though it has lost its *right* to amend.  Id.  "Post-dismissal motions to amend are disfavored."  In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig., 623 F.3d 1200, 1208 (8th Cir. 2010). "Different considerations" apply to motions filed after dismissal, including "interests of finality," but courts "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits[.]"  United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823-24 (8th Cir. 2009).

Nonetheless, it is well established that granting a post-dismissal "motion for leave to amend is inappropriate . . . if the district court has indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action."  Geier, 715 F.3d at 677 (internal quotation marks and quoted case omitted).  Dismissing a complaint constitutes dismissal of the action when a court "states or clearly indicates that no amendment is possible–e.g., when the complaint is dismissed with prejudice[.]"  Id. (quoted case omitted).  Here, because the Court dismissed ACM's claims against FNMA with prejudice, granting a post-dismissal motion to amend would be inappropriate.  ACM's assertion that this "Court has not 'clearly indicated' that no amendment is possible," Reply Mem. at 8, is incorrect because the dismissal was made with prejudice.  See Geier, 715 F.3d at 677.

4

Even if Rule 15(a)(2)'s considerations were applicable to ACM's motion, the determining factor here is that ACM's motion for leave to amend its complaint was filed not only post dismissal, but post affirmance of the dismissal on appeal.  As a result, the motion implicates the "law of the case" doctrine and its close relation, the mandate rule.  See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995).  "On remand, a district court is bound to obey strictly an appellate mandate." Bethea v. Levi Strauss and Co., 916 F.2d 453, 456-57 (8th Cir. 1990).  "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy."  Bartsh, 69 F.3d at 866 (citing Bethea, 916 F.2d at 456-57).

"Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system."  Bartsh, id. (quoted source omitted).  When an appellate court remands a case to the district court, "All issues decided by an appellate court become the law of the case.  This rule extends not only to actual holdings but also to all issues implicitly settled in prior rulings.  On remand, a district court is bound by all such determinations."  Jones v. United States, 255 F.3d 507, 510 (8th Cir. 2001) (internal citations omitted).  "If there are no explicit or implicit instructions to hold further proceedings [on remand], a district court has no authority to re-examine an issue settled by a higher court."  Bethea, 916 F.2d at 456 (cited cases omitted).

The Court concludes that the mandate rule and the law of the case doctrine require the denial of ACM's post-appeal motion for leave to file an amended complaint.  The Order of Partial Dismissal expressly dismissed ACM's claims with prejudice.  See Order of Partial Dismissal (Doc. 38).  ACM's Notice of Appeal states that Counts I - IV of its Petition were dismissed with prejudice (Doc. 81); thus, the Eighth Circuit was aware that the dismissal was with prejudice.  ACM could

have asked the Eighth Circuit to order this Court to permit it to amend its complaint, but there is no indication it did so.  The Eighth Circuit affirmed this Court's dismissal with prejudice of Counts I, III and IV and entered its judgment accordingly, making the dismissal with prejudice a final judgment.[1]  The Eighth Circuit could have modified the dismissal to be without prejudice, or ordered this Court to allow ACM to file an amended complaint following remand, but it did not do so.

Although the Eighth Circuit's opinion does not expressly state that ACM may not amend its complaint on remand, its affirmance of the dismissal of Counts I, III and IV with prejudice is a final determination of those claims that is the law of the case.  The Eighth Circuit gave no explicit or implicit instructions to hold further proceedings on the dismissed counts on remand, and therefore under the mandate rule this Court has no authority to reexamine the issues the appellate court settled. "[A] mandate is controlling as to matters within its compass[.]"  Sprague v. Ticonic National Bank, 307 U.S. 161, 168 (1939) (cited case omitted).  The fact that the Eighth Circuit did not direct this Court to enter judgment on the dismissed counts does not mean that ACM may amend post appeal. The Order of Partial Dismissal with prejudice was a final order.  By affirming the dismissal of Counts I, III and IV and entering its judgment, the Eighth Circuit left that final order in place as to those counts.  The Court therefore concludes the Eighth Circuit's mandate implies that post-appeal amendment of the dismissed counts is precluded, and that reassertion of the claims is barred.

Finally, ACM asserts in its reply memorandum that to the extent this Court determines Rule 15(a)(2)'s standard does not apply to its motion for leave to amend, the Court could consider the motion under the Rule 60(b) standard for granting relief from a prior judgment.  ACM invokes Rule 60(b)(2), which permits a court to relieve a party from judgment where there is "newly discovered

---

[1]The Eighth Circuit's affirmance of the dismissal of Count III was on different grounds than articulated by this Court.

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Rule 60(b)(2), Fed. R. Civ. P.

A leading federal practice treatise states that a party seeking to amend following entry of a final judgment must proceed under Rule 59(e) or Rule 60:

> After a court dismisses an action and enters a final judgment, a plaintiff's ability to amend, whether "as a matter of course" or even by leave of court, is subject to limitations on the remedies available after judgment. Once a final judgment has been entered, the district court lacks power to rule on a motion to amend unless the party seeking leave first obtains relief under Rule 59(e) or 60.  Therefore, a plaintiff may be granted leave to amend by the district court only if that court agrees to alter or reopen the judgment under Rule 59, that court agrees to set it aside under Rule 60, or there is a timely appeal and the judgment is set aside on appeal.

3 James Wm. Moore, et al., Moore's Federal Practice § 15.13[2] (3d ed. 2013).  The Court will therefore consider ACM's motion as having been made under Rule 60(b), despite its belated reference to that rule.

ACM states that after its claims against FNMA were dismissed, it proceeded to preliminary discovery with now-dismissed defendants EF&A Capital Corporation and EF&A Funding, LLC (collectively "EFA"), FNMA's "lender partner," and obtained evidence that "directly challenges the Court's original basis for dismissal and the Eighth Circuit's rationale for affirmance that the [petition's] factual allegations did not reflect a principal-agent relationship *prior* to EFA assigning to loan to Fannie Mae."  Reply at 11-12.  ACM asserts that it was not "able to complete its investigation or gain access to all relevant evidence until after this Court entered final judgment of dismissal," and therefore relief under Rule 60(b) is appropriate.  Id.

This argument is unavailing.  While an appellate court's final order does not strip a district court of post-judgment authority to entertain the merits of a motion under Rule 60(b), the rule cannot be used to ignore or reverse a mandate.  Jones v. United States, 255 F.3d 507, 510-11 (8th Cir. 2001)

7

(internal citations omitted).  Because the Court has concluded that the Eighth Circuit's mandate is a final judgment on Counts I and III that does not permit post-appeal amendment of those counts, ACM's Rule 60(b) motion must be denied.

Even if the Eighth Circuit's mandate did not preclude the Court from considering ACM's motion for post-appeal amendment, the motion must still be denied.  "Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor."  U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003).  "To prevail on a . . . Rule 60(b)(2) motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result."  Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007) (cited cases omitted).  Motions under Rule 60(b) must be made "within a reasonable time," and motions under subparts (1), (2) and (3) of the Rule must be made "no more than a year after the entry of the judgment or order or the date of proceeding."  Rule 60(c)(1), Fed. R. Civ. P.

ACM's motion for leave to amend was filed on June 17, 2013, twenty-two months after the dismissal of its claims against FNMA and more than a year after this case was closed on May 10, 2012.  ACM could have filed a Rule 60(b) motion with this Court after its discovery of the claimed new evidence, but it did not do so and instead filed its appeal.  It is well established that the pendency of an appeal does not toll the one-year period for filing motions under Rule 60(b)(1)-(3).  Federal Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766 (8th Cir. 1989).  Therefore, ACM's Rule 60(b)(2) motion is untimely.  See Rule 60(c)(1).

**Conclusion**

      For the foregoing reasons, the Court finds that ACM's Motion for Leave to File First Amended Complaint must be denied.

      Accordingly,

      **IT IS HEREBY ORDERED** that plaintiff Affordable Communities of Missouri's Motion for Leave to File First Amended Complaint is **DENIED**.  [Doc. 91]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  _13th_  day of August, 2013.

9