## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:11-CV-555 CAS |
| EF&A CAPITAL CORP., et al., | ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on defendant Federal National Mortgage Association's ("FNMA") motion to amend the Case Management Order.  FNMA asks that the Case Management Order ("CMO") be amended to "properly reflect the parties' agreement to waive a jury trial, and additionally to object to the use of an advisory jury."  Mot. to Amend at 1.  No response was filed to the motion.  For the following reasons, the motion will be denied.

**Background**

FNMA states that the Court originally set this case for jury trial by CMO issued June 14, 2011, and the parties shortly thereafter filed a joint motion objecting to the use of a jury trial and asking the Court to revise the CMO.  The joint motion said that no party had requested a jury trial and that Exhibits 2 and 3 of plaintiff's Petition, the Note and Deed of Trust at issue, contained express waivers of jury trial.  FNMA states that the Court granted the joint motion and issued an amended CMO that set the case for a non-jury trial.  Mot. to Amend at 1, ¶ 3.

FNMA's recitation of the background is correct in part.  The Court granted the parties' joint motion, but in doing so specifically stated that "on the Court's own motion, this matter will be tried before an advisory jury pursuant to Rule 39(c), Fed. R. Civ. P.  An amended Case Management

Order will be issued to reflect this change." Mem. and Order of Aug. 22, 2011 at 25 (Doc. 37).  The Amended CMO directed the parties to notify the Court in writing whether they would consent to trial by jury under Rule 38(c) and stated, "In the event that all parties do not consent to trial by jury, this action is set for **NON-JURY** trial before the Court and an **advisory jury** pursuant to Federal Rule of Civil Procedure 39(c)."  Amended CMO at 4 (Doc. 39).  Thus, prior to the appeal, this case was set for trial to the Court and an advisory jury.  No motions were filed concerning this aspect of the Amended CMO.

Following appeal and remand from the Eighth Circuit, the parties submitted a joint status report and the Court issued a Second Amended CMO on June 27, 2013.  Similar to the first Amended CMO, the Second Amended CMO directed the parties to notify the Court in writing whether they would consent to trial by jury under Rule 38(c) and stated, "In the event that all parties do not consent to trial by jury, this action is set for **NON-JURY** trial before the Court and an **advisory jury** pursuant to Federal Rule of Civil Procedure 39(c)."  Second Amended CMO at 4 (Doc. 97).

FNMA's motion to amend the CMO reiterates that no party has requested a jury trial and that the loan documents contain a waiver of the right to jury trial.  FNMA asserts that the Court may not use an advisory jury in this case because advisory juries may only be used in cases that are not triable to a jury as a matter of right or causes arising in equity, and plaintiff's remaining claim in this case is for money damages and would be triable to a jury but for the jury waiver.  In support of its position, FNMA primarily cites Indiana Lumbermen's Mutual Insurance Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1990).

**Discussion**

Rule 39(c) expressly authorizes the use of advisory juries, on motion or on a court's own

initiative, in "an action not triable of right by a jury."  Fed. R. Civ. P. 39(c).  One federal practice

treatise observes, "The Rule is silent concerning whether a court has the power to order an advisory

jury in the situation in which there *is* a jury trial right but it has been waived.  However, there is

authority to suggest that the court may use an advisory jury under such circumstances."  8 James

Wm. Moore, et al., Moore's Federal Practice § 39.40[2] (3d ed. 2013).  Shortly after Rule 39(c) was

enacted, the Second Circuit held that the use of an advisory jury was permissible even though the

parties had waived their jury trial rights, in (American) Lumbermen's Mut. Cas. Co. v. Timms &

Howard, Inc., 108 F.2d 497, 500 (2d Cir. 1939).  Moore's discusses this decision with approval:

> The Second Circuit's conclusion makes sense.  There is at least as much
> merit to a trial court's use of an advisory jury for the trial of legal issues for which
> a jury trial has been waived as to trial of legal or equitable issues for which no jury
> right exists.  Indeed, it is precisely on legal issues, rather than equitable issues, that
> a jury is likely to be mostly helpful.  Moreover, the use of a jury in an advisory
> capacity does not deprive the parties of which is in effect a court trial, since the jury
> acts merely as an aid to the court and the judge bears ultimate responsibility for the
> findings.

8 Moore's Federal Practice § 39.40[2].

In another early decision, the Tenth Circuit disagreed and held that a court is not authorized

of its own initiative to call an advisory jury where the plaintiff has waived its jury trial right.

Hargrove v. American Central Insurance Co., 125 F.2d 225, 228-29 (10th Cir. 1942).  The Tenth

Circuit concluded, however, that the plaintiff could show no prejudice resulting from use of the

procedure, because having waived a jury trial it was only entitled to a bench trial, and for all

practical purposes this is what it received as the trial court made independent findings and

conclusions on which the judgment was based.  Id. at 229.  Moore's concludes that while these two

decisions state apparently conflicting rules, they "actually arrive at the same conclusion: that the use of an advisory jury is not prejudicial to the rights of a party who has waived the right to a nonadvisory jury."  8 Moore's Federal Practice § 39.40[2].

FNMA quotes another federal practice treatise as stating, "It has been held that the use of an advisory jury is limited to cases that are not triable to a jury as of right, and that if the parties have waived their right to a jury trial, the district court lacks authority to use an advisory jury."  9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2335 & n.15 (3d ed. 2008).  The lines that immediately follow those quoted by FNMA state:

> Simply as an exercise in construing the language of Rule 39(c), this interpretation may be correct, although it is not the only possible construction.  But the result is undesirable.  Since the use of an advisory jury is of no binding legal significance, and the responsibility for the decision remains with the judge, he or she should be allowed whatever help in reaching the decision he or she thinks desirable.  Other cases have agreed, holding that an advisory jury can be used when a right to a jury trial has been waived.  In some cases the matter is viewed as harmless error.

Id. (emphasis added).  Wright & Miller also states, "An advisory jury is an aid to the court in discharging its functions. For this reason, the case law is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c), and the district court's exercise of this discretion is not reviewable."  Id. (footnotes omitted).

Similarly, Moore's states, "[M]andamus generally will not lie to review the exercise of discretion concerning advisory juries.  No party has a clear right to either have an advisory jury or to be free of one, and it is hard to imagine how a claim of abuse of discretion could be constructed in these circumstances."  8 Moore's Federal Practice § 39.40[4].  Indeed, Moore's observes that:

> Rule 39(b) neither creates nor preserves any right to a nonjury trial; nor does the Seventh Amendment or any other constitutional provision explicitly protect the right to a bench trial.  As stated by the United States Supreme Court in Beacon Theatres v. Westover, [359 U.S. 500, 510 (1959)] "[T]he right to a jury trial is a constitutional one, . . . while no similar requirement protects trials by the court. . . ."

8 Moore's Federal Practice § 39.30[2].

Unlike the present situation, when a trial court decides to treat a jury as advisory rather than as of right, this implicates the possibility that a party's Seventh Amendment rights are at stake, and under those circumstances appellate courts will review the application of the advisory jury rule de novo.   9 Wright & Miller, Federal Practice and Procedure § 2335 & n.5 (citing Indiana Lumbermen's Mutual, 195 F.3d at 374).  This Court does not believe that the Eighth Circuit in Indiana Lumbermen's Mutual addressed the question whether a district court may impanel an advisory jury in a case that would have been triable to a jury as of right, but for a waiver of that right.

The Court has often impaneled an advisory jury when it believes the procedure will cause the parties to engage in a more disciplined, efficient presentation of their respective cases, or where it would value a jury's input on the issues presented.  Both criteria are present in the instant case. The Court will, of course, reach its own independent judgment in the case as the advisory jury's verdict has no binding effect, and will issue its findings of fact and conclusions of law as required by Rule 52(a)(1), Federal Rules of Civil Procedure.  FNMA's motion to amend the CMO will therefore be denied, but will be deemed FNMA's statement that it does not consent to jury trial.  The Court reserves the right to reconsider, closer to trial, whether use of an advisory jury still appears beneficial under the circumstances then existing.

Accordingly,

**IT IS HEREBY ORDERED** that Federal National Mortgage Association's motion to amend the Case Management Order is **DENIED**.  [Doc. 102]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of October, 2013.

6