UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE COMMUNITIES OF ) | |
| MISSOURI, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-555 CAS |
| ) | |
| EF & A CAPITAL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining defendant Federal National Mortgage Association's ("FNMA") Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and for Additional Time to Complete Discovery Prior to Responding to Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. The motion is accompanied by the affidavit of John G. Young, Jr., one of FNMA's attorneys. FNMA seeks a thirty-day extension of time to respond to plaintiff's summary judgment motion.

Plaintiff Affordable Communities of Missouri, LP, opposes the motion. Plaintiffs asks the Court to deny FNMA's motion outright or, in the alternative, to require FNMA to identify with specificity the needed discovery, limit discovery to the specifically identified matters, and permit it a fourteen-day extension to complete the discovery and file its response. FNMA's Reply provides additional information about the discovery it asserts is required for it to demonstrate the existence of disputed material facts in response to plaintiff's motion for summary judgment. The Reply is accompanied by a second affidavit of Mr. Young and exhibits. The matter is fully briefed and ready for decision. For the following reasons, FNMA's motion will be granted.

Federal Rule of Civil Procedure 56(d) provides:

**When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (quoted case omitted). "Nonmovants may request a continuance under Rule 56([d])[1] until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Id. at 1050 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). "To obtain a Rule 56([d]) continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010) (quoted case omitted).

Here, FNMA's Reply and supporting materials establish that in order to justify its opposition to plaintiff's summary judgment motion, it must take the depositions of plaintiff's president, Mr. Cohen, and plaintiff's Rule 30(b)(6) representative(s), on the key issues in the case regarding the

---

[1]Rule 56(d), Fed. R. Civ. P., establishes a procedure for a nonmovant who is unable "to present facts essential to justify its opposition." This procedure was previously available under Rule 56(f). See Fed. R. Civ. P. 56 2010 Amendments.

meaning and application under the facts of certain terms in the Loan Documents; the deposition of the former Executive Director of Development for the Office of the Mayor of the City of St. Louis on the facts concerning the City's actions and intentions with respect to condemnation of the Jefferson Arms Apartments property; and the deposition of a representative of Pyramid Construction, Inc., the entity that purchased the Jefferson Arms Apartments property from plaintiff, concerning the circumstances that led to the negotiation and execution of the purchase and sale agreement, and the meaning of the terms contained in that agreement regarding condemnation. The Court finds FNMA has also established that an extension of thirty days is reasonable, given the time needed to schedule and take these depositions, obtain the deposition transcripts, and prepare its response.

Accordingly,

**IT IS HEREBY ORDERED** that defendant FNMA's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and for Additional Time to Complete Discovery Prior to Responding to Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**. [Doc. 137]

**IT IS FURTHER ORDERED** that defendant FNMA shall file its Response to plaintiff's motion for summary judgment by **July 16, 2014**. Plaintiff's Reply shall be filed by **July 28, 2014**, or within ten (10) days of the Response's filing, whichever is earlier.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of June, 2014.